IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.:** |
| | : | |
| v. | : | |
| | : | **VIOLATIONS:** |
| | : | |
| | : | 18 U.S.C. § 1349 (Conspiracy to |
| **MARK L. LEZELL,** | : | Commit Wire Fraud in violation of |
| | : | 18 U.S.C. § 1343) |
| | : | |
| | : | 26 U.S.C. § 7203 (Willful Failure to File |
| | : | Return, Supply Information, or Pay Tax) |
| **Defendant.** | : | |
| | : | **CRIMINAL FORFEITURE:** |
| | : | |
| | : | 21 U.S.C. § 853(p); 28 U.S.C. § 2461; |
| | : | and 18 U.S.C. § 981. |

## SUPERSEDING INFORMATION

The United States hereby informs the Court that:

### Background

1. The defendant, MARK L. LEZELL, was an attorney and sole owner of Lezell Law, PC.

2. Issam Abu-Ghosh was the owner and sole employee for Geneva Financial Consultants ("GFC"), a Delaware based corporation.

3. Friend Christian High School was an elementary and middle school located in Yorba Linda, California.

4. Lincoln Services Group was a corporation located in Tennessee, incorporated in Wyoming.

5. Three Roses, LLC, was a real estate investment company located in San Antonio, Texas.

1

6. Searex was an oil and energy business located in Melbourne, Australia.

## COUNT ONE
### (Conspiracy to Commit Wire Fraud)

7. The allegations set forth in paragraphs 1 through 6 of this Information are realleged and incorporated by reference herein.

8. From in or about early 2009, and continuing thereafter through in or about April 2012, within the District of Columbia and elsewhere, defendant MARK L. LEZELL, together with Issam Abu-Ghosh, did knowingly and intentionally combine, conspire, confederate, and agree together to commit an offense against the United States, that is, violations of Title 18, United States Code, Section 1343 (wire fraud), in violation of Title 18, United States Code, Section 1349 (conspiracy).

### The Object of the Conspiracy

9. Defendant LEZELL, together with Ghosh, knowingly executed and attempted to execute a scheme and artifice to defraud Friends Christian High School, Lincoln Services Group, Three Roses, LLC, Searex, and others, and to obtain money, funds, and property by means of materially false and fraudulent pretenses, representations, and promises, knowing they were false and fraudulent when made, for the purpose of executing such scheme and artifice and attempting to do so, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communications, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

### The Manner and Means of the Conspiracy

10. It was part of the conspiracy that defendant LEZELL, and Ghosh, did knowingly and with intent to defraud, devise and intend to devise a scheme to defraud Friends Christian High School, Lincoln Services Group, Three Roses, LLC, Searex, and others, and to obtain

money and property by means of materially false and fraudulent pretenses, representations, and promises.

11. It was further part of the conspiracy that defendant LEZELL and Ghosh, in a continuing course of conduct, as part of the scheme and artifice to defraud, and for obtaining money and property by means of false or fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire in interstate or foreign commerce, writings, signs, and signals for the purpose of executing such scheme or artifice.

12. It was further part of the conspiracy that beginning at least as early as in or about 2009 and continuing through at least April 2012, LEZELL and Ghosh obtained funds totaling at least $1,500,000, from Friends Christian High School, Lincoln Services Group, Three Roses, LLC, Searex, and others, in the form of refundable good faith deposits in exchange for the promise to secure often multi-million dollar loans from outside investors or directly from Ghosh.

13. It was further part of the conspiracy that LEZELL and Ghosh falsely represented to Friends Christian High School, Lincoln Services Group, Three Roses, LLC, Searex, and others, that Ghosh could obtain a loan through various connections Ghosh maintained. Prior to soliciting the potential lenders, Ghosh required that Friends Christian High School, Lincoln Services Group, Three Roses, LLC, Searex, and others, provide a good faith deposit to be held pursuant to an Escrow Agreement to show their good intentions toward obtaining the loan. Once an agreement was reached, the terms and conditions were memorialized in a Loan Commitment contract signed by Ghosh. The Loan Commitment included an Escrow Agreement which identified defendant LEZELL as the escrow agent and provided conditions under which the Escrow Agreement would operate, including the transfer of the good faith deposit to a bank account held by LEZELL titled the "Hold Account." In most cases, the Escrow Agreement

required that LEZELL hold the money with the understanding that it would be returned if Ghosh failed to secure the loan. Once Friends Christian High School, Lincoln Services Group, Three Roses, LLC, Searex, and others, wired their good faith deposits to LEZELL's Hold Account or other bank account, LEZELL, in violation of the Escrow Agreements, transferred portions of the good faith deposit to Ghosh through GFC. The remaining money was used by LEZELL to repay prior victims, for personal expenses or to further the scheme.

14. No loan was ever secured by Ghosh as contemplated by the Commitment Letters for Friends Christian High School, Lincoln Services Group, Three Roses, LLC, Searex, and others. The good faith deposits in the Hold Account were never returned to Friends Christian High School, Lincoln Services Group, Three Roses, LLC, Searex, and others.

### Overt Acts in Furtherance of the Conspiracy

15. The allegations set forth in paragraphs 1 through 6 of this Information are realleged and incorporated by reference herein.

16. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts were, among others, committed in the District of Columbia and elsewhere:

   a. On or about September 15, 2010, pursuant to a Commitment Letter and an Escrow Agreement, Friends Christian High School caused a wire transfer of $250,000 to LEZELL's Hold Account. On or about September 22, 2010, for the purpose of executing the scheme, LEZELL caused an unauthorized interstate wire communication to occur between the District of Columbia and Virginia from his Hold Account to GFC's account in the amount of $42,000. The $42,000 wire transfer was part of Friend Christian High School's good faith deposit and was

conducted in violation of the Escrow Agreement between LEZELL and Friends Christian High School.

b. On or about December 8, 2010, pursuant to a Commitment Letter and an Escrow Agreement, Lincoln Services Group cause a wire transfer of $75,000 to the Hold Account. On or about December 10, 2010, pursuant to a Commitment Letter and an Escrow Agreement, Three Roses, LLC caused a wire transfer of $80,000 to LEZELL's Hold Account. On or about December 10, 2010, for the purpose of executing the scheme, LEZELL caused an unauthorized interstate wire communication to occur between the District of Columbia and Virginia from his Hold Account to GFC's account in the amount of $35,000. On or about December 13, 2010, for the purpose of executing the scheme, LEZELL caused an unauthorized interstate wire communication to occur between Maryland and Virginia from his Hold Account to GFC's account in the amount of $20,000. The $35,000 and $20,000 wire transfers were part of Lincoln Services Group's and Three Roses, LLC's good faith deposit and were conducted in violation of the Escrow Agreement between LEZELL, Lincoln Services Group, and Three Roses, LLC.

c. On February 17, 2011, pursuant to a Commitment Letter and an Escrow Agreement, Searex caused a wire transfer of $149,980 to LEZELL's Hold Account. On or about February 18, 2011, for the purpose of executing the scheme, LEZELL caused an unauthorized interstate wire communication to occur between a Sun Trust Bank Branch and Virginia from his Hold Account to GFC's account in the amount of $125,000. The $125,000 wire transfer was part of

Searex's good faith deposit and was in violation of the Escrow Agreement between LEZELL and Searex.

**(Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. §§ 1343, 1349)**

### COUNT TWO
**(Failure to File)**

18. The allegations set forth in paragraphs 1 through 7 of this Information are realleged and incorporated by reference herein.

19. During the calendar year 2008, MARK L. LEZELL, who was a resident of Rockville, Maryland, had and received gross income of $350,073.02 in the District of Columbia. By reason of such gross income, he was required by law following the close of the calendar year 2008 and on or before October 15, 2009, to make an income tax return to any proper officer of the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing all the foregoing, LEZELL did willfully fail, on or about October 15, 2009, in the District of the District of Columbia and elsewhere, to make an income tax return.

**(Willful Failure to File Return, Supply Information, or Pay Tax, in violation of Title 26, United States Code, Section 7203)**

### FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to this offense.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

 a. cannot be located upon the exercise of due diligence;

 b. has been transferred or sold to, or deposited with, a third party;

 c. has been placed beyond the jurisdiction of the Court;

 d. has been substantially diminished in value; or

 e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United Sates Code, Section 2461(c), and Title 21, United States Code, Section 853(p))**

Respectfully submitted,

CHANNING D. PHILLIPS
UNITED STATES ATTORNEY

By: /s/ Michelle A. Zamarin
MICHELLE A. ZAMARIN
Assistant United States Attorney
D.C. Bar # 474240
DIANE LUCAS
Assistant United States Attorney
D.C. Bar # 443610
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6931 (Zamarin)
(202) 252- 7724 (Lucas)